# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1107
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremiah Taylor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 12, 2022
Filed: January 13, 2023
[Unpublished]
_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury found Jeremiah Taylor guilty of being a felon in possession of a firearm. Taylor appeals arguing it was plain error to admit evidence collected during a traffic stop. We affirm.

Taylor was stopped for driving a car with stolen plates. During the stop an officer saw a gun through the car window. Knowing Taylor was a felon, the officer placed Taylor in custody and searched the car, including the locked trunk. Taylor did not move to suppress any evidence before the trial and did not object to any evidence during the trial. Taylor now asserts it was plain error for the district court[1] to admit evidence collected from the trunk of the car.

Defendants are required to bring motions to suppress evidence before trial "if the basis for the motion is then reasonably available[.]" Fed. R. Crim. P. 12(b)(3). Taylor was aware that the government intended to use the evidence and any possible grounds for suppression before trial. Untimely motions can be reviewed "if the party shows good cause." Fed. R. Crim. P. 12(c)(3). No explanation for the delay or good cause was given, therefore "we need not consider the merits" of the claim. United States v. Anderson, 783 F.3d 727, 741 (8th Cir. 2015).

Even if we were to assume a showing of good cause, the issue would be reviewed for plain-error. United States v. Navarette, 996 F.3d 870, 875 (8th Cir. 2021). It was not error to admit evidence found in the trunk. "[A] police officer who has lawfully made a roadside stop of a vehicle may search the passenger compartment and trunk of that vehicle if probable cause exists to believe that contraband or evidence of criminal activity is located inside the vehicle." United States v. Walker, 840 F.3d 477, 483 (8th Cir. 2016). Given the firearm and stolen plates it was reasonable to believe a search of the trunk would yield additional evidence.

Accordingly, we affirm the judgement of the district court.

_____

_____

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.